# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50476
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN JOSE CERVANTES-GONZALEZ, also known as Jose Cervantes, also known as Jose Gonzalez, also known as Juan Cervantes-Gonzalez, also known as Juan Cervantes, also known as Juan Cervantes Gonzalez, also known as Juan Gonzalez, also known as Juan Gonzalez-Cervantes, also known as Juan Gonzalez Cervantes,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-581-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Jose Cervantes-Gonzalez appeals his conviction for illegal reentry into the United States. He challenges the denial of his motion to dismiss the indictment as invalid, contending that his initial removal order was void for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50476

the failure of the notice to appear in the initial removal proceedings to specify a date for his removal hearing.  He concedes that this challenge is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), but he wishes to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha*.  Alternatively, the Government requests an extension of time to file its brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  This court concluded in *Pedroza-Rocha* that the notice to appear from the defendant's prior removal proceedings was not deficient because it lacked a specific date for the hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that the defendant could not collaterally attack his notice to appear without first exhausting his administrative remedies.  933 F.3d at 496-98.  Cervantes-Gonzalez's arguments are, as he concedes, foreclosed by *Pedroza-Rocha*. *See id.*

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.